Howell, J. recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

James Jeffries v. Belleville Iron Works Company.

18 685
49 944

The Belleville Iron Works Company, a corporate body domiciled in New Orleans, came into Court and made a voluntary cession of its property, and after due proceedings had, an order was made staying all proceedings against the corporation, and a syndic was appointed; a short time after the order was granted, a creditor of the corporation brought an action to recover an amount due him from the corporation, and prayed that the order staying proceedings against the corporation be annulled ; after trial, the Court rendered judgment annulling the order, as prayed for :

*Held :*—That all subsequent proceedings, on the part of the Belleville Iron Works Company, taken to perfect the cession of their property in settlement of its debts, were void, as the order staying proceedings and appointing a syndic was annulled.

Corporations have no right, under the laws of Louisiana, to make a voluntary cession of their assets to their creditors and obtain the benefit of the insolvent laws.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. Simonds & Fenner, for appellant. C. Roselius and B. Bradford & Finney, for appellees.

Labauve, J. On the 18th January, 1859, the plaintiff filed below a petition, showing that the defendant, the Belleville Iron Works Company, a corporate body, organized and chartered by authority of the laws of the State of Louisiana, and domiciliated in the city of New Orleans, was justly indébted to him in the sum of $3,262 86, with interest, etc.

He further stated, that he was advised that, on the 29th day of December, 1859, an ex parte order was granted by the Judge below, upon the petition of the defendant, praying to be allowed to make a voluntary cession of its assets to its creditors, staying all proceedings against the person and property of the said company. That said order was illegal, and improvidently granted by the said Judge; therefore, it should be annulled and vacated, for this : That corporations, such as the defendant in this

case, have no right, under the laws of this State, to make a voluntary surrender of their property to their creditors, and obtain the benefit of the insolvent laws of this State; and that the institution of the proceedings by the said defendant against its creditors, for that purpose, is only calculated to harass and delay its creditors in collecting their debts.

Wherefore the plaintiff prayed, in substance, that the Belleville Iron Works Company be cited, through its President, J. J. Person, and that, after due proceedings had, *the order heretofore granted by the Judge, staying all proceedings against the person and property of the defendant, on the petition of the defendant, on file in Court, be annulled and vacated,* and that the defendant be decreed to pay petitioner $3,262 68.

On the 24th February, 1859, on motion of plaintiff's counsel suggesting to the Court that R. Wells had been elected syndic of the creditors of the defendant, since the institution of this suit :

It was ordered by the Court that R. Wells, syndic, be made a party to the suit, etc.

On the 12th March, 1859, R. Wells filed an exception, as follows :

Now comes Richard Wells, made party herein, in his capacity of syndic of the said defendant's creditors, and excepts to the petition of said plaintiff; that he cannot proceed in the manner and form attempted herein, inasmuch as the said defendants have made a cession of their property to their creditors, the same has been duly accepted and stay of proceedings granted thereupon, as will appear from reference to the suit now pending in this honorable Court, entitled *Belleville Iron Works Company* v. *Their Creditors,* the plaintiff herein cannot prosecute this suit, but the same must be cumulated with the said insolvent proceedings.

Whereupon said appearer prays that the exception be maintained, and that he be hence dismissed, with costs and general relief.

On 2d May, 1859, the Court sustained the exceptions, as follows :

For the reasons assigned and on file, in the case of *Jeffries* v. *Belleville Iron Works Company,* No. 12,851 of the docket of this Court :

It is ordered that the exception herein filed by Richard Wells, syndic, be sustained, and that this cause be cumulated with the insolvent proceedings of the *Belleville Iron Works Company* v. *Their Creditors.*

From that judgment the plaintiff, James Jeffries, appealed to the Supreme Court. There the judgment of the District Court was reversed, and the case remanded to the Court below, to be proceeded in according to law.

In their decision, the Supreme Court say that a corporation, created under the act for the organization of corporations for works of public improvement and utility, approved March 14th, 1855, cannot avail itself of the provisions of the act relative to the voluntary surrender of property, approved March 14th, 1855, sec. 15, A. 19.

The case being thus remanded, the Court below, on the 23d March, 1860, rendered the following decree :

It is ordered, adjudged and decreed, that the order of the Court, entered on the 29th December, 1858, in the case of the *Belleville Iron Works Company* v. *Its Creditors*, No. 12,890 of the docket of this Court, *staying all judicial proceedings against the property of said Company be vacated and annulled;* and it is further ordered, that the plaintiff do have and recover of the defendant, the Belleville Iron Works Company, the sum of $3262 86, etc.

This judgment is in accordance with the prayer of the petition.

The plaintiff moved for a new trial, which was refused.

Now that judgment is final (being unappealed from), and is res judicata, and the question arises as to its effects, it is contended by the appellant that it annuls and sets aside all the elements and decrees comprised in said order referred to, of the 29th December, 1858; the appellees contend that it only annuls that part of it staying all judicial proceedings against the property of said company. The question is then presented, is that order accepting the cession annulled ? If so, the creditors were divested of their quasi ownership in the property so ceded, and the plaintiff was right in seizing the property and money in the hands of R. Wells and others, as was done; but if that order accepting the cession was yet in force, such proceedings were illegal. We think that part referring to the *staying of the proceedings*, is descriptive and not restrictive of the order accepting the cession.

We now come to the proceedings which have brought the case before us. The plaintiff, after having obtained judgment against the said company, proceeded to execute the same by a fi. fa. on the property, rights and credits of said company, and garnisheed the Bank of America, Richard Wells and others, and interrogatories were propounded to and answered by them. The garnishees showed that they had nothing in their hands belonging to the Belleville Iron Works Company, and what they had belonged to the creditors of said company, represented by their syndic, R. Wells.

After the answers of the garnishees to the interrogatories propounded to them, the plaintiff took a rule upon said garnishees to show cause why judgment should not be entered up against them on their answers. To that rule defendants excepted, as follows :

The defendants now appear, and for their peremptory exception to the rule herein, say : "That, according to the showing of the actor in said rule, the proceeding cannot be sustained, as it attempts to annul or ignore the proceedings of the *Belleville Iron Works Company* v. *Its Creditors*, and these respondents contend that, if said proceeding can be annulled at all, a regular suit for that purpose must be instituted, in the ordinary form of judicial proceedings; whereupon respondents respectfully pray that this exception may be sustained and the rule dismissed, with costs."

Upon the trial of said exception, the Court rendered judgment as follows :

"After hearing pleadings and the exceptions filed herein by defendants in the rule, the Court sustained the same, and ordered that the rule be dismissed, with costs."

From that judgment the present appeal is taken by the plaintiff in the rule.

We are of the opinion that the judgment rendered on the 23d March, 1860, fully annulled, in all its parts, the order dated 29th December, 1858, and allowed the creditors to proceed as if there had been no surrender. We have before us nothing but the judgment upon the exception, and the case has to be remanded.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled and reversed ; that the exception be overruled, and the case remanded to be proceeded in according to law, the appellees paying the costs of appeal.

THE SAME v. THE SAME.—ON REHEARING.